# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CARMON R. LAGUNES**                                                         **PLAINTIFF**

**V.**                          **No. 4:20-cv-01263-JM-ERE**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER of the**
**SOCIAL SECURITY ADMINISTRATION**[1]                    **DEFENDANT**

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge James M. Moody, Jr. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I.     Introduction:**

On November 2, 2017, Carmon R. Lagunes filed a Title II application for disability and disability insurance benefits. *Tr. at 10*. On the same day, she filed a

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration and is substituted as the Defendant in this action. Fed. R. Civ. P. 25(d).

Title XVI application for supplemental security income. *Id*. In both applications, Ms. Lagunes alleged disability beginning on March 1, 2017. *Id*. In a February 5, 2020 written decision, an administrative law judge (ALJ) denied both applications. *Id*. The Appeals Council denied Ms. Lagunes request for review on August 21, 2020. *Tr. at 1*. The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Lagunes has requested judicial review.

For the reasons stated below, the Court should affirm the Commissioner's decision.

## II. **The Commissioner's Decision:**

At step one of the required five-step analysis, the ALJ found that Ms. Lagunes, who was 44 years old at the time of the hearing (*Tr. at 35*), had not engaged in substantial gainful activity since the alleged onset of March 1, 2017.[2] *Tr. at 12*. At step two, the ALJ determined that Ms. Lagunes has the following severe impairments: morbid obesity, degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine status-post fusion surgery,

---

[2] The ALJ followed the required five-step analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment (Listing); (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

2

fibromyalgia, sleep apnea, SI joint dysfunction, anxiety disorder, and depression disorder. *Id.*

After finding that Ms. Lagunes' impairments did not meet or equal a listed impairment (*Tr. at 15-17*), the ALJ determined that she had the residual functional capacity (RFC) to perform work at the light exertional level, with the following additional limitations: (1) she is unable to climb ladders, ropes, or scaffolds; (2) she needs to avoid concentrated exposure to excessive vibrations; (3) she is able to perform simple, routine tasks and she is able to make simple work-related decisions; (4) she is able to tolerate supervision that is simple, direct, and concrete; (5) she can maintain interpersonal contact that is incidental to the work that is being performed; and (6) she can tolerate occasional and superficial interaction with coworkers, supervisors, and the general public. *Tr. at 17*.

The ALJ next found that Ms. Lagunes was unable to perform any of her past relevant work. *Tr. at 23*. At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find that, considering Ms. Lagunes' age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform, such as housekeeper and price tag ticketer. *Tr. at 24*. Therefore, the ALJ found that Ms. Lagunes was not disabled. *Id.*

**III.   Discussion:**

   **A.   Standard of Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> Our review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision. Reversal is not warranted, however, merely because substantial evidence would have supported an opposite decision.

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B.  **Ms. Lagunes' Arguments on Appeal**

Ms. Lagunes contends that the evidence supporting the ALJ's decision is less than substantial. She argues that the RFC did not fully incorporate her limitations and that the ALJ did not properly evaluate her subjective complaints. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

C.  **Medical Summary**

Lumbar and cervical objective imaging revealed moderate-to-severe back and neck conditions (Tr. at 405-406, 456); these conditions caused Ms. Lagunes chronic pain. However, after cervical fusion surgery, Ms. Lagunes told her surgeon she was satisfied with the results, and she displayed satisfactory range of motion in the cervical spine. *Tr. at 1122, 1332-1335*. Ms. Lagunes also said that physical therapy and steroid injections improved her pain. *Tr. at 385-400*. Improvement in condition supports an ALJ's finding that a claimant is not disabled. See *Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992).

Ms. Lagunes reported pain relief and improvement in function and quality of life in 2017. *Id*. Her physical therapist noted that she was more independent with exercises during sessions in 2017, and Ms. Lagunes said that medications and rest improved her conditions. *Tr. at 388, 706-707*. Moreover, Ms. Lagunes' doctors encouraged her to improve her diet and to exercise. *Tr. at 383-385*. A physician's

5

recommendation to exercise suggests that a claimant has an increased functional capacity. See *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009).

While Ms. Lagunes contends that fibromyalgia was disabling, there was no evidence that a tender-point test was conducted, and her positive response to treatment for pain indicates that she had an increased functional capacity, in spite of fibromyalgia. *Tr. at 20*. Also, Ms. Lagunes said that she could drive, attend her son's sporting events, sit through a movie or TV show, stay social on Facebook, do some light chores, and occasionally shop in stores. *Tr. at 48-56, 1239-1242*. Such daily activities undermine her claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Ms. Lagunes also asserts that carpal tunnel syndrome (CTS) was disabling, but electrodiagnostic testing of her upper extremities was normal (*Tr. at 332*), and when she was diagnosed with CTS of the left hand, her doctor merely prescribed a brace and recommended exercises. *Tr. at 332-335*. Ms. Lagunes did not routinely complain of left-hand problems or require aggressive treatment. The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

Ms. Lagunes suffered from depression and anxiety and attended therapy and took psychotropic medications. *Tr. at 1181-1272*. However, she declined to see a psychiatrist and preferred medication management by an APRN. *Tr. at 1213*. She

said at the hearing that she was willing to see a psychiatrist. *Tr. at 46-48*. Ms. Lagunes experienced some benefit from her psychotropic medications, and had generally normal mental status exams. *Tr. at 1213-1221,1351*. Throughout 2019, she presented as engaging and cooperative to her therapist. *Tr. at 1213-1242*. In April 2019, Ms. Lagunes reported that she was upbeat about going on a date. *Tr. at 1221*. In June 2019, she told her therapist she had been busy driving her mother around and taking her son to baseball games. *Tr. at 1242*. Her therapist noted that she was making progress in therapy. *Tr. at 1213-1221*.

    **D.**    **Analysis of Appeal Arguments**

        **1.**    **Consideration of the RFC**

Ms. Lagunes argues that the RFC did not fully incorporate her limitations. A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003). Treatment for Ms. Lagunes' impairments, which was conservative,

proved effective. She was able to perform a variety of daily activities. The ALJ thoroughly discussed all of Ms. Lagunes' impairments and he included all credible limitations in the RFC.

### 2.  Evaluation of Ms. Lagunes' subjective complaints

Ms. Lagunes also argues that the ALJ did not properly analyze her subjective complaints. "When evaluating a claimant's subjective complaints, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). The ALJ is not required to explicitly discuss each factor. And the ALJ "may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony." *Id*. (quotations and citations omitted).

In evaluating her subjective complaints, the ALJ discussed Ms. Lagunes' daily activities. *Tr. at 17-23*. He discussed the nature and location of her pain, as well as objective testing results. *Id*. He discussed her compliance with medication and any side effects. *Id*. He discussed other treatment modalities and their effectiveness. *Id*. He noted that while she complained of problems with walking and standing, she was never prescribed a cane. *Id*. He also noted Ms. Lagunes' reports

that she was doing well. *Id*. Finally, the ALJ discussed the medical opinions.[3] *Id*. The ALJ fully considered Ms. Lagunes subjective complaints of disabling impairments and found them inconsistent with the record as a whole. *Tr. at 19*.

## VI. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Lagunes was not disabled. The RFC incorporated all of Ms. Lagunes' credible limitations, and the ALJ fully considered Ms. Lagunes' subjective complaints.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be affirmed, judgment be entered for Defendant, and this case be closed.

DATED this 14th day of March, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The ALJ found an opinion from Nichole Clark, APRN, to be unpersuasive. *Tr. at 22*. Ms. Clark said that Ms. Lagunes could not work due to physical and mental impairments. *Tr. at 1353*. The ALJ adequately explained why this opinion was inconsistent with both Ms. Clark's own treatment notes and the relatively benign remainder of the medical record. *Tr. at 22*.